UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEBRA DONOVAN, <br> MICHELLE CAMARATA, <br> RICHARD CAMARATA, and <br> KIM FERRANDINO, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTIN KARA DUNN-GEORGE <br> a/k/a KRISTIN GEORGE and <br> HUGH KENDALL as Trustee of the <br> Revocable Living Trust of <br> JAMES S. CAMARATA and <br> DONNA L. CAMARATA, <br><br> Defendants. | No.: 1:23-CV-109-KAC-SKL |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case is before the Court on (1) the "Motion to Dismiss Plaintiffs' Amended Complaint" [Doc. 17] and "Memorandum in Support" [Doc. 18] filed by Defendant "Kristin Kara Dunn-George; a/k/a Kristin George" (hereafter "Dunn-George") and (2) the "Motion to Dismiss Plaintiffs' First Amended Complaint" [Docs. 21] and "Memorandum of Law" [Doc. 22] filed by Defendant "Hugh Kendall as Trustee of the Revocable Living Trust of James S. Camarata and Donna L. Camarata" (hereafter "Kendall"). Plaintiffs failed to timely respond to either motion [*See* Docs. 31, 35]. For the foregoing reasons, the Court grants both motions [Docs. 17, 21] and dismisses this action without prejudice for a lack of subject matter jurisdiction.

1

## I.  BACKGROUND[1]

In January 2001, James Camarata and his wife Donna Camarata formed a revocable trust [Doc. 12 ¶ 9].  In 2011, Mr. Camarata gave Mrs. Camarata power of attorney over him, and Mrs. Camarata gave Mr. Camarata power of attorney over her [*Id.* ¶ 13; Doc. 21-4 at 1].  That same year, Mr. and Ms. Camarata created "mutual agreements for Wills and Marital Trusts of their property" [Doc. 12 ¶ 13]. Five years later, in 2016, Mr. and Mrs. Camarata amended their trust [Doc. 12 ¶ 18; Doc. 21-3].  Defendant Kendall, a Tennessee-licensed attorney, prepared the documents for the Amended Trust [Doc. 21-3 at 1].  Mr. and Mrs. Camarata named Defendant Kendall as a trustee of the Amended Trust [*Id.*].

In October 2021, Mr. and Mrs. Camarata were "involved in a boating accident causing Donna Camarata to become a paraplegic" [Doc. 12 ¶ 32]. In November 2021, Mr. Camarata filed for divorce [*Id.* ¶ 36].  However, Mr. and Mrs. Camarata both passed away before their divorce was finalized, leaving $417,223.38 deposited with the Hamilton County, Tennessee Circuit Court Clerk of Court's registry [*See id.* ¶¶ 42, 52].  Mrs. Camarata executed a new durable power of attorney on June 15, 2022, giving her brother power of attorney, and giving Defendant Dunn-George power to act as her agent if Mrs. Camarata's brother dies or becomes incompetent [Doc. 21-5 at 1].  Plaintiffs alleges that Mrs. Camarata executed a new Will on June 15, 2022, which provided that Defendant Dunn-George "shall receive Donna's entire estate" [Doc. 12 ¶¶ 55-

---

[1] Where, as here, a party brings "a challenge to the factual existence of subject matter jurisdiction," there is "no presumptive truthfulness" in the allegations of the complaint. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted).  Therefore, the Court is "free to weigh the evidence and satisfy itself" that it has, or does not have, "power to hear the case." *Id.*

2

Case 1:23-cv-00109-KAC-SKL   Document 39   Filed 11/08/23   Page 2 of 7   PageID #: 398

56]. Mr. Camarata passed on February 23, 2023 [*See* Doc. 18 at 2]. Mrs. Camarata died on March 15, 2023 [Doc. 21-2 at 1].

On May 5, 2023, Defendant Dunn-George filed a "Petition for Testate Administration" related to Mrs. Camarata in the Chancery Court of Hamilton County, Tennessee [*Id.*]. The Hamilton County Chancery Court issued Letters Testamentary for Mrs. Camarata's estate that same day [Doc. 12 ¶ 71]. Those Letters named Defendant Dunn-George as Executor [*Id.*].

Plaintiffs also filed their original Complaint on May 5, 2023 [Doc. 1]. Thereafter, Plaintiffs amended their Complaint [*See* Doc. 12]. In the operative Amended Complaint, Plaintiffs ask the Court to declare that they are entitled to the funds that remain in the Circuit Court registry from the divorce proceedings and a property in Florida and motor home held by one or both of the Camaratas prior to their deaths (Count I) [Doc. 12 ¶¶ 105, 106, 108]. Plaintiffs also allege that Defendant Dunn-George converted the Camarata's jointly-titled assets, including an annuity, the funds that remain in the Circuit Court registry from the divorce proceedings, and the boat in which the October 2021 accident occurred (Count II) [*Id.* ¶¶ 75, 76, 109-118]. And they raise a claim for conspiracy against Defendants Dunn-George and Kendall for "converting the non-probate assets of the Camaratas for their own use"—it is unclear which precise "non-probate" assets are at issue in this count (Count III) [*Id.* ¶¶ 120-21].

Defendants each filed motions to dismiss the Amended Complaint [Docs. 17, 21]. In those motions, they argue that (1) the Court lacks subject matter jurisdiction over this action, (2) the Amended Complaint fails to state a claim, and (3) Plaintiffs failed to join an indispensable party [*See* Docs. 17 at 1, 21 at 1]. In addition, Defendant Kendall's motion included evidence that is relevant to the Court's jurisdictional inquiry.

3

For example, Defendant Kendall attached a copy of the 2016 Amended Trust that Mr. and Mrs. Camarata entered [*See* Doc. 21-3]. This document provides that the Amended Trust covered "all of the property presently owned by [Mr. and Mrs. Camarata] individually or by both of [them] jointly" [*Id.* at 1]. The Amended Trust also contemplated covering "all proceeds, reinvestments, refunds, and replacements of" Mr. and Mrs. Camarata's "real," "tangible personal," and "intangible personal" property [*Id.*]. The Amended Trust's "purpose" was to secure the "mutual and reciprocal disposition of [Mr. and Mrs. Camarata's] property in a manner that will ensure that ***the survivor of*** [them] has full and free use and benefit of [their] ***combined estates***" [*Id.* at 2 (emphasis added)]. In other words, it appears that under the Amended Trust, if Mr. Camarata predeceased Mrs. Camarata, his estate would pass to her [*See id.* at 2-3]. Specifically, the Amended Trust states that "[u]pon the death of the first Settlor," "all of the remaining, unappointed property of the trust" "and all other property received by the trust" "shall be distributed" "for the benefit of the Surviving Settlor" while alive, as set forth in the Amended Trust [*See id.* at 3].

## II. ANALYSIS

Because the Court lacks subject matter jurisdiction over this action, the Court's analysis begins and ends there. "Where a defendant moves to dismiss a complaint for the lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *See Brown v. BlueCross BlueShield of Tenn., Inc.*, 827 F.3d 543, 545 n. 3 (6th Cir. 2016) (quoting *Davis v. United States*, 499 F.3d 590, 593-94 (6th Cir. 2007)). The Court may review documents attached to a motion challenging jurisdiction in assessing whether the Court has jurisdiction. *See Abbott v. United States*, 78 F.4th 887, 903 (6th Cir. 2023) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). There is "no presumptive

4

truthfulness" in the allegations of the Amended Complaint. *See Ritchie*, 15 F.3d at 598 (citation omitted). Instead, the Court is "free to weigh the evidence and satisfy itself" that it has, or does not have, "power to hear the case." *Id.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And federal courts generally lack subject matter jurisdiction over cases concerning probate matters. *See Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). This "probate exception" to the Court's jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006). The probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 312. Thus, where a plaintiff's requested relief would "disturb or affect the possession of property in the custody of a state court," the probate exception bars federal court action. *See Wisecarver*, 489 F.3d at 751 (citation omitted).

Here, the probate exception precludes the Court from exercising subject matter jurisdiction over this action because granting Plaintiffs' requested relief would "disturb or affect the possession of property in the custody of a state court." *See id*. On this record, according to the Amended Trust, it appears that Mr. Camarata's property passed to Mrs. Camarata upon Mr. Camarata's death [*See* Doc. 21-3 at 2]. And it appears that those assets are, or could be, subject to probate in Hamilton County Chancery Court starting May 5, 2023, when Letters Testamentary were issued for the estate of Mrs. Camarata [*See* Doc. 12 ¶ 71].

The same is true with respect to those assets already a part of Mrs. Camarata's probate proceedings and those jointly-titled assets held by Mr. and Mrs. Camarata or any assets held individually by Mr. Camarata that Plaintiffs assert are currently "non-probate" assets. The

5

Amended Trust covered "all of the property presently owned by [Mr. and Mrs. Camarata] individually or by both of [them] jointly" [Doc. 21-3 at 1]. And the Amended Trust contemplated covering "all proceeds, reinvestments, refunds, and replacements of" Mr. and Mrs. Camarata's "real," "tangible personal," and "intangible personal" property [*Id.*]. Under the Amended Trust, then, it appears that at his death, Mr. Camarata's interest in any individually or jointly-titled assets would flow to Mrs. Camarata. Thus, it appears that both jointly-titled property and any property held individually by Mr. Camarata is subject to the Amended Trust. And on this record, it appears that property subject to the Amended Trust is, or could be, subject to probate in Hamilton County Chancery Court as part of the estate of Mrs. Camarata.

The nature of the three claims Plaintiffs raise does not change that analysis. In Count One, Plaintiffs assert "causes of action alleging breach of fiduciary duties, fraud, and undue influence [that] do not necessarily fall within the scope of the probate exception." *See Wisecarver*, 489 F.3d at 751 (citation omitted). But what matters for probate exception purposes is the affect that granting the requested relief would have on property subject to probate proceedings. *Id.* And like in *Wisecarver*, adjudication of Count One would require "disturb[ing] or affect[ing] the possession of property in the custody of a state court." *Id.* Similarly, Plaintiffs' claims in Counts Two and Three for conversion and civil conspiracy are predicated on the Court concluding that Plaintiffs—not Defendants—are entitled to certain property that appears to be subject to probate. *See, e.g.*, *Bennett v. Chattanooga Props., LLC*, No. E2019-01790-COA-R3-CV, 2021 WL 688880, at *5 (Tenn. Feb. 23, 2021) ("[a] successful conversion claim requires proof that the defendant appropriated the plaintiff's property") (citations omitted); *First Cmty. Bank, N.A. v. First Tenn. Bank, N.A.*, 489 S.W.3d 369, 395-96 (Tenn. 2015) (civil conspiracy under Tennessee law

6

requires plaintiff to show that defendants conspired to achieve an end by "unlawful means") (citation omitted).

Adjudicating these claims may also call into question the validity of Mrs. Camarata's June 15, 2022 will, while a state court is actively probating that will. The "probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate." *See Wisecarver*, 489 F.3d at 749 (citing *Marshall*, 547 U.S. at 311). As such, the Court cannot adjudicate Plaintiffs' claims without running the risk of disturbing the ongoing probate proceedings. Accordingly, under the probate exception, the Court lacks subject matter jurisdiction over this case. And this Court must dismiss the action without prejudice to respect the proper role of this Court and the state probate court. *See Ohio Nat. Life*, 922 F.2d at 325.

### III. CONCLUSION

Accordingly, the Court **GRANTS** (1) Defendant Dunn-George's "Motion to Dismiss Plaintiffs' Amended Complaint" [Doc. 17] and (2) Defendant Kendall's "Motion to Dismiss" [Doc. 21] and **DISMISSES this action without prejudice**. An appropriate judgment shall enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

7

Case 1:23-cv-00109-KAC-SKL   Document 39   Filed 11/08/23   Page 7 of 7   PageID #: 403